# EXHIBIT A

1   Vincent W. Davis, Esq. (SBN 125399)
    Daniel C. Sharpe, Esq. (SBN 267075)
2   Law Offices of Vincent W. Davis & Associates
3   150 N. Santa Anita Avenue, Suite 200
    Arcadia, CA 91006
4   Phone: (626) 446-6442
    Facsimile: (626) 446-6454
5
6   Attorneys for Plaintiff

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10
11  MARK JULLIAN GARDEN, an Individual;        No.    18ST CV06604

                PLAINTIFF                      COMPLAINT FOR DAMAGES
12
      v.
13                                             1.  Malicious Prosecution in Violation of
    COUNTY OF LOS ANGELES; DEPUTY                  Constitutional Rights under 42 U.S.C. §
14  JONATHAN P. SCHNERENGER, an                    1983 – First Amendment Retaliation
    Individual; DEPUTY IVAN BRESCIANI, an
15  Individual; DOES 1 through 100, inclusive, 2.  Malicious Prosecution in Violation of
                                                   Constitutional Rights under 42 U.S.C. §
16              DEFENDANTS                          1983 – Denial of Equal Protection

17                                             3.  Violation of Civil Rights under 42
                                                   U.S.C. § 1983 – Supervisory Liability
18
19                                             4.  Violation of Civil Rights under 42
                                                   U.S.C. § 1983 – Monell Liability
20
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28

COMPLAINT FOR DAMAGES

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 29 2018

Sherri R. Carter, Executive Officer/clerk

By Shaunya Bolden, Deputy

CIVIL LITIGATION UNIT
FEB - 6 2019
RECEIVED

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction is proper as the violation of Plaintiff's rights occurred in the County of Los Angeles, and the amount in controversy exceeds $25,000. Pursuant to Code of Civil Procedure §§ 394 and 395, the County of Los Angeles is a proper venue for the claims set forth herein.

## PARTIES

2.    Plaintiff MARK JULLIAN GARDEN (hereinafter "Plaintiff" or "GARDEN") is an individual, competent adult and an African American, who, during all times relevant as described in more detail below, was a resident and citizen of the County of Los Angeles, California.

3.    Defendant COUNTY OF LOS ANGELES is a local public entity organized under the laws of the State of California (hereinafter referred to as "COUNTY OF LOS ANGELES," "COUNTY," or "COLA"). The COUNTY OF LOS ANGELES Sheriff's Department (hereinafter referred to as "LASD" or "the Department") is an agency of Defendant COUNTY OF LOS ANGELES, is responsible for the enforcement of laws as well as for investigation of alleged criminal activity within the jurisdiction of Defendant COUNTY OF LOS ANGELES. LASD, as well as its employees and agents, and operates under the policy direction of Defendant COUNTY OF LOS ANGELES, including but not necessarily limited to the Board of Supervisors.

4.    At all times relevant, herein, Defendant COUNTY OF LOS ANGELES was and is responsible for the hiring, supervision, training, and discipline of law enforcement officers retained, employed, or otherwise authorized to act as law enforcement officers on behalf of the LASD. Defendant COUNTY OF LOS ANGELES is responsible for maintaining policies, procedures, and practices with respect to such hiring, supervision, training and/or discipline that comports with the

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

laws of the United States and the State of California, including but not limited to laws relating to

lawful detention, probable cause to engage in a lawful arrest, and abuse of authority.

5.      At all times relevant herein, Defendant DEPUTY JONATHAN P. SCHNERENGER

(hereinafter referred to as "SCHNERENGER") is and was a law enforcement officer employed by

Defendant COUNTY OF LOS ANGELES, by and through the LASD, assigned the employee

number 523109, and charged with the investigation of potential criminal incidents as part of his

professional duties as a law enforcement officer. On information and belief, at all relevant times

Defendant SCHNERENGER was and is a resident of the COUNTY OF LOS ANGELES. Defendant

SCHNERENGER is sued herein in his individual capacity, as well as his official capacity with

respect to any and all state law claims.

6.      At all times relevant herein, Defendant DEPUTY IVAN BRESCIANI (hereinafter referred to

as "BRESCIANI") is and was a law enforcement officer employed by Defendant COUNTY OF LOS

ANGELES, by and through the LASD, assigned the employee number 530600, and charged with the

investigation of potential criminal incidents as part of his professional duties as a law enforcement

officer. On information and belief, at all relevant times Defendant BRESCIANI was and is a resident

of the COUNTY OF LOS ANGELES. Defendant BRESCIANI is sued herein in his individual

capacity, as well as his official capacity with respect to any and all state law claims.

7.      At all times relevant herein, Defendant DOES 1-3 (hereinafter referred to as "Supervisory

Defendants") are and were law enforcement officer employed by Defendant COUNTY OF LOS

ANGELES, by and through the LASD, and charged with the supervision of Defendant

SCHNERENGER and other law enforcement officers at the times of the events alleged herein. At all

times relevant herein, Defendant DOES 1-3 were specifically assigned, contacted, or otherwise

involved in the events alleged as supervising officers, and therefore had an explicit responsibility to

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

1   supervise, monitor, and provide oversight to the actions of Defendants SCHNERENGER,

2   BRESCIANI, and others when Plaintiff GARDEN was detained, arrested, booked, and jailed as

3   alleged herein. Defendants DOES 1-3 are sued in their personal as well as official capacities with

4   respect to state law claims.

5

6   8.      Plaintiff is informed and believes and thereon allege that Defendants, Does 4 through 100,

7   inclusive (hereinafter referred to as "Does"), are now and at all times herein mentioned in this

8   Complaint were individuals and residents or were entities -- either governmental or otherwise --

9   operating and/or doing business in and around the COUNTY OF LOS ANGELES, State of

10  California, and were in some manner employed by and acting within the scope of their employment

11  on behalf of Defendant COUNTY OF LOS ANGELES, whether by and through the LASD or some

12  other means, and in some way engaged in affirmative acts or omissions that were a direct and/or

13  proximate cause of the violation of Plaintiff's rights as alleged in more detail herein.

14

15  9.      At all times alleged herein, Defendant COUNTY OF LOS ANGELES had the power, right,

16  and duty to control the manner in which the individual defendants carried out the objectives of their

17  employment and to assure that all orders, rules, instructions, and regulations promulgated were

18  consistent with the United States Constitution, the California Constitution, the laws of the United

19  States, the laws of the State of California, and the laws of local municipalities.

20

21  10.     Plaintiff is ignorant of the true names and capacities of these Doe Defendants, though all are

22  believed to have been employed by Defendant COUNTY OF LOS ANGELES, or acting in concert

23  with other named defendants and in their capacity were acting as state actors, but alleges that each

24  such defendant was in some intentional or recklessly indifferent manner responsible for the injuries

25  suffered by Plaintiff.

26

27

28

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

11.     Defendants, and each of them, performed the wrongful acts and omissions alleged herein in bad faith and with knowledge that their conduct violated well and clearly established and settled law.

12.     At all times material herein, defendants, and each of them, were acting as the employees, agents, representatives, and officers of every other defendant herein, and within the course and scope of such employment and agency.

## FACTS COMMON TO ALL CLAIMS

13.     Each and every allegation set forth in each and every averment of this Complaint is hereby incorporated by this reference in each and every other averment, allegation, and count of this Complaint.

14.     Plaintiff was previously deprived of his interests protected by the Constitution and/or laws of the United States of America, as well as California, and suffered injuries to her person, and such deprivation was caused by defendants – by commission and omission – while defendants acted under color of law.

15.     All acts and/or omissions perpetrated by each defendant, except any governmental entity defendant or any defendant only in their official capacity, were engaged in maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of Plaintiff, and were done so despicably and with evil motive and/or intent., and demonstrate a callous disregard for Plaintiff and his basic constitutional rights.

16.     On or about August 13, 2015, Plaintiff, a resident of Palmdale, California, joined acquaintances for dinner at Medrano's Mexican Restaurant, a local restaurant in the Lancaster area.

17.     Plaintiff does not regularly consume alcohol. However, at the insistence of his acquaintances, Plaintiff agreed to join in toasting the marriage anniversary of an acquaintance by having a single, one ounce "shot" of tequila at the restaurant. Plaintiff consumed the shot of tequila sometime before

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

7:30 p.m. Thereafter, Plaintiff consumed exclusively non-alcoholic beverages, as well as ate a meal at the restaurant.

18.    Plaintiff remained at the restaurant for multiple hours, socializing with acquaintances.

19.    At approximately 10:00 p.m., Plaintiff received a phone call from a friend, April Safford, who lived nearby. Plaintiff did not feel any effects of the prior single alcoholic beverage he consumed at the restaurant, and reasonably and honestly understood that he was sober at that time. Plaintiff left the restaurant and made his way to his Ms. Safford's residence, at or near the intersection of 10th Street West and Avenue L. Plaintiff left her residence sometime shortly after midnight on August 14, 2015. Plaintiff had not consumed any additional alcoholic beverages while meeting with his Ms. Safford and was sober and safe to drive at that time.

20.    Plaintiff got into his automobile and began driving on 10th Street West, heading southbound towards Avenue O, with the intent of driving home. While driving, Plaintiff received a call from Ms. Safford. Plaintiff utilized a Bluetooth or similar "hands-free" technology to safely and lawfully use his cellular phone to speak with Ms. Safford while driving.

21.    While on the phone with Ms. Safford, Plaintiff noticed a police vehicle in front of him, later determined to be driven by Defendant SCHNERENGER, that was proceeding on 10th Street West traveling in the same direction as Plaintiff in an adjacent lane.

22.    Plaintiff continued driving in a safe and lawful manner, and did not change his speed or manner of driving due to the presence of a police vehicle because Plaintiff understood that he was doing nothing wrong.

23.    While continuing to drive on 10th Street West, Plaintiff noticed that the police vehicle operated by Defendant SCHNERENGER slowed down dramatically, causing Plaintiff to pass the

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

police vehicle. Plaintiff then observed Defendant SCHNERENGER pull into Plaintiff's lane and began following Plaintiff closely.

24.     When Plaintiff approached the intersection of 10th Street West and Avenue O, Plaintiff slowed down and came to a stop at the intersection in the left hand turn lane, as the traffic light displayed a red light.

25.     When the light turned green, Plaintiff initiated a left turn onto Avenue O. As Plaintiff completed the turn, he noticed in his rearview mirror that Defendant SCHNERENGER had also turned left onto Avenue O and continued to follow him at a very close distance.

26.     Independently of the police vehicle following him, Plaintiff made the decision that he would pull over at the next opportunity to continue his discussion with Ms. Safford without distraction. Plaintiff saw a parking lot on the right side further down Avenue O, and decided to park in the parking lot and complete his discussion with Ms. Sanford before completing his drive home.

27.     Plaintiff observed that Defendant SCHNERENGER had activated the colored lights on the police vehicle as well as heard what appeared to be a police siren. Plaintiff understood that he was being pulled over and complied by turning right onto Jody Lane and immediately parking in the parking lot adjacent to the intersection of Jody Lane and Avenue O.

28.     Plaintiff briefly and vaguely referenced the fact that he was being pulled over with Ms. Safford before terminating the phone call.

29.     After Plaintiff had parked and shut off the ignition to his automobile, Plaintiff observed Defendant SCHNERENGER standing just outside his driver's side door.

30.     Plaintiff observed Defendant SCHNERENGER knock on the driver's side door window with his knuckles and gesturing in a manner that Plaintiff understood to be demanding that Plaintiff roll

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA, 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

1  down his driver's side window. Plaintiff complied and rolled down the window on the driver's side

2  door.

3  31.    Plaintiff politely asked Defendant SCHNERENGER if he could inquire as to what was going,

4  as Plaintiff understood he had obeyed all traffic laws and committed no crime in the officer's

5  presence.

6

7  32.    Defendant SCHNERENGER responded by demanding that Plaintiff "get out of the vehicle!"

8  33.    Plaintiff responded by stating, "excuse me officer, there must be a mistake." Plaintiff

9  responded as such because of his surprise and concern that Defendant SCHNERENGER was

10  engaging in such a hostile and unprovoked manner.

11

12  34.    At this time, Plaintiff observed his driver's side window roll up. Based on prior experience,

13  Plaintiff understood that, due to the age and wear on his vehicle, some of the electronic features were

14  prone to malfunction, including in particular the driver's side window controls. Plaintiff did not

15  cause the window to roll up, nor did he intend for that to occur.

16

17  35.    Without further questions, commands, or instructions, Defendant SCHNERENGER forcibly

18  removed Plaintiff from his vehicle, including opening the door and unbuckling Plaintiff's seatbelt.

19  Defendant SCHERENGER pulled Plaintiff out of the vehicle and onto the pavement with Plaintiff's

20  back facing Defendant SCHNERENGER.

21  36.    Defendant SCHNERENGER then struck Plaintiff in the back with what felt like his knee,

22  while holding Plaintiff's hands above his head. The violent attack caused Plaintiff to lose his footing

23  and begin to collapse.

24

25  37.    Defendant SCHNERENGER then shoved Plaintiff face-first towards the open driver's side

26  door, causing Plaintiff to fall partially back into his own vehicle.

27  38.    Out of fear for his life, Plaintiff shut the car door and began looking for his cellphone.

28

39.     Plaintiff then heard Defendant SCHNERENGER order him to exit his vehicle. Plaintiff, still upset and concerned about the inappropriate and unlawful force used by Defendant SCHNERENGER, exited his vehicle in a good faith effort to comply with Defendant SCHNERENGER's command.

40.     Once Plaintiff had exited the vehicle, he observed Defendant SCHNERENGER charge at him quickly, screaming "you know what mother-fucking time it is!" while holding a can of pepper spray.

41.     Defendant SCHNERENGER proceeded to use the pepper spray on Plaintiff's upper body, including Plaintiff's head, face, and arms.

42.     Plaintiff, now in shock from the multiple incidents of unprovoked and unlawful force by Defendant SCHNERENGER, retreated to his vehicle again to avoid further physical attacks by Defendant SCHNERENGER. Once in his vehicle, Plaintiff attempted to use his shirt to wipe pepper spray from his skin and face. While doing so, Plaintiff heard Defendant SCHNERENGER screaming words that Plaintiff understood to be threats of further violence.

43.     Plaintiff, unsure of what additional violent actions that Defendant SCHNERENGER may do, but also understanding generally that he was being given commands by a member of law enforcement, slowly exited his vehicle again and slid onto the ground immediately outside of his driver's side door, lying face down.

44.     While lying on the ground, Plaintiff heard Defendant SCHNERENGER scream "I will fucking kill you!" multiple times, as well as repeatedly stating "Move on fucking bit and I'm going to fucking shoot you." Plaintiff glanced up at Defendant SCHNERENGER and observed that Defendant SCHNERENGER was pointing a handgun at Plaintiff.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA, 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

45.     Plaintiff laid on the ground, face down, for several minutes as multiple other police vehicles arrived on the scene.

46.     Plaintiff noticed that Defendant SCHNERENGER stopped screaming death threats at Plaintiff as other officers arrived.

47.     Plaintiff was lifted off the ground by two members of the LASD, who are identified herein as DOES 4 and 5, respectively, and placed in the back of a police vehicle. At that point, Defendant DOE 4 completely handcuffed Plaintiff as he remained in the back of a police vehicle.

48.     Shortly thereafter, a member of the LASD who Plaintiff understands on information and belief to be Defendant BRESCIANI, stated to Plaintiff "If you don't take this test right now, your license will be gone for one year." Plaintiff was not aware at the time what Defendant BRESCIANI was referring to, and had not received any other instructions or commands regarding sobriety testing or blood-alcohol testing at this point.

49.     Defendant BRESCIANI then, without request for consent or further instruction, placed a device into Plaintiff's mouth and ordered him to blow into the device. It was only after Defendant BRESCIANI gave this order that Plaintiff understood he was being compelled to participate in a breath test to determine his blood-alcohol level. Plaintiff complied with Defendant BRESCIANI's order.

50.     Based on the prior violent, unjustified, and unlawful use of force and threats experienced at the hands of Defendant SCHNERENGER shortly beforehand, Plaintiff was in reasonable fear of his life and safety, and his acquiescence to Defendant BRESCIANI's orders to blow into the breath testing device was not based on a knowing, intelligent or consenting choice by Plaintiff.

51.     While administering the breath testing device, Defendant BRESCIANI commented to Plaintiff that Plaintiff was being arrested by the "#1 DUI arresting officer in Palmdale."

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

52.     The breath test device used by Defendant BRESCIANI was not properly and timely calibrated such that any testing results obtained on August 14, 2015 were not accurate or reliable pursuant to internal LASD policies as well as accepted modern scientific and forensic standards.

53.     After being administered a blood-alcohol test on the scene, Plaintiff was taken out of the police vehicle, the handcuffs were removed from his wrists, and multiple officers of the LASD, including but not limited to Defendant DOES 4-10, began taking photographs of Plaintiff's person while interviewing Plaintiff.

54.     During the interview, Plaintiff acknowledged that he had a single shot of tequila several hours prior and had consumed a meal and multiple non-alcoholic beverages thereafter, and was not intoxicated.

55.     During this time, Plaintiff repeatedly acknowledged his burning skin and face as well as severe back pain and requested medical attention; however, all defendant officers either ignored Plaintiff's statements or responded that Plaintiff "will be fine."

56.     Plaintiff was then placed back into the police car and handcuffed again.

57.     Plaintiff then overheard Defendants SCHNERENGER, BRESCIANI, and other officer defendants discussing Plaintiff's alleged blood-alcohol testing results.

58.     Plaintiff heard Defendants complain that Plaintiff "only blew a .005" and "claims he only had one shot several hours prior to our encounter."

59.     Plaintiff also heard other officers state to Defendant SCHNERENGER "why did you call us out here?" and "This is a waste of time ... that man didn't do anything, did he?"

60.     Shortly thereafter, Defendant SCHNERENGER told Plaintiff that he would be taken to the LASD station to be interviewed further.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

61.     At no point prior to Plaintiff being forcibly administered a breath test or being interviewed by multiple officers did anyone read Plaintiff his *Miranda* rights or otherwise give any good faith explanation for Defendant SCHNERENGER's detention or arrest of Plaintiff.

62.     Plaintiff was taken to the LASD jail facility in Palmdale and booked, which included being photographed and fingerprinted.

63.     Plaintiff was led into a holding cell, where multiple LASD officers began questioning Plaintiff informally about what occurred between Plaintiff and Defendant SCHNERENGER.

64.     Defendant SCHNERENGER eventually approached Plaintiff outside of the holding cell and began questioning Plaintiff informally, despite being the arresting officer on the scene, and appeared to act as though he was not involved in the initial detention and arrest.

65.     While another LASD officer continued to question Plaintiff, Plaintiff suddenly noticed a small object fly by his head from outside of the cell bars. Plaintiff looked down and noticed that the small object thrown into his cell appeared to be a marijuana cigarette, or "joint." Plaintiff immediately picked up the joint and threw it right back out of the cell.

66.     Defendant SCHNERENGER, who Plaintiff understood to be the one that threw the joint into his cell, looked at Plaintiff and stated, "What, is that some sort of drugs you were smoking?"

67.     Plaintiff responded to Defendant SCHNERENGER by stating that he had never smoked marijuana in his life.

68.     At this time, Plaintiff reasonably understood that Defendant SCHNERENGER was shamelessly attempting to plant drugs on Plaintiff by throwing the aforementioned joint into the holding cell.

69.     Plaintiff observed Defendant SCHNERENGER kick the joint on the floor towards another officer, where it disappeared from Plaintiff's view.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

70.     Defendant SCHNERENGER and the other two LASD officers then left the area immediately outside of the holding cell.

71.     Another LASD officer came by the holding cell a few minutes later. Plaintiff stated to this officer, identified herein as DOE 11, that Plaintiff did not smoke marijuana, acknowledged Defendant SCHNERENGER's actions in tossing a joint into the cell earlier, and requested medical attention due to his back pain from the violent assault by Defendant SCHNERENGER earlier that evening. Defendant DOE 11 merely stated "You don't need to go to the doctor at all — you'll be fine."

72. Sometime later, Plaintiff was moved to a general holding cell with other inmates. Plaintiff made a phone call and arranged with family members to be bailed out of jail, which occurred approximately 14 hours later.

73.     At no point during Plaintiff's time in the LASD jail in Palmdale, either during or anytime thereafter, ever engage in any subsequent breath test for blood-alcohol level. The only time Plaintiff engaged in a breath test was pursuant to the demands of Defendant BRESCIANI at the scene of the arrest.

74.     After being bailed out and resolving financial arrangements with a bail bondsman and family members, Plaintiff travelled to the LASD station in Palmdale to make a formal complaint against Defendant SCHNERENGER.

75.     When Plaintiff made the complaint, Plaintiff was surprised to encounter LASD officers at the front desk who encouraged Plaintiff to make a complaint and that Defendant SCHNERENGER shouldn't be a member of the LASD. Plaintiff specifically was told by a female officer, who Plaintiff understood to be Deputy Gattrell, comment that Defendant SCHNERENGER was known within the LASD to be racist, sexist, and arrogant. Deputy Gattrell commented further that the LASD received

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

several prior complaints regarding misconduct by Defendant SCHNERENGER and that his time

with the LASD needs to be put to an end.

76.     Plaintiff then went through the process of obtaining his vehicle from impound, which cost

thousands of dollars. Although the financial cost was high for Plaintiff, it was necessary to have his

vehicle so he could transport his mother to various medical appointments due to her ongoing health

issues, including but not limited to recovering from a recent stroke.

77.     After making an initial complaint, Plaintiff later scheduled a meeting with a watch

commander at the Palmdale Station. Plaintiff met with a watch commander and discussed the illegal

detention and arrest by Defendant SCHNERENGER, the forced breath test at the scene, Defendant

SCHNERENGER's attempt to plant a joint in Plaintiff's cell at the jail, and the consistent refusal of

any LASD officer to provide medical care despite Plaintiff's multiple requests.

78.     Subsequently, Plaintiff met with LASD Captain Don Ford, and discussed his formal

complaints against Defendant SCHNERENGER. During the meeting, Captain Ford told Plaintiff that

he wanted Defendant SCHNERENGER to drop the case against Plaintiff, but that Defendant

SCHNERENGER decided to move forward anyway. During the meeting, Captain Ford suggested

that the situation was unique because Defendant SCHNERENGER was the "#1 DUI Officer" for

Palmdale.

79.     Subsequent to the events of August 14, 2015, Defendant SCHNERENGER prepared a police

report and other documents that contained multiple false allegations regarding his stop, detention,

and arrest of Plaintiff. Defendant SCHNERENGER falsely claimed in his report that Plaintiff ran a

red light, drove erratically, and presented reasonable suspicion to justify an investigatory detention.

Defendant SCHNERENGER also falsely asserted that he asked if Plaintiff had any weapons on his

person at the outset of the investigation and that Plaintiff responded by stating "I don't know."

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

1   Further, Defendant SCHNERENGER falsely claimed in his report that Plaintiff attempted to resist

2   the detention and tried to punch Defendant SCHNERENGER. Additionally, Defendant

3   SCHNERENGER falsely claimed in his report that Plaintiff refused to answer questions about his

4   medical status or injuries sustained.

5

6   80.        Defendant SCHNERENGER provided his false police report, as well as other unknown

7   documents and statements to employees of the Los Angeles County District Attorney's Office, which

8   constituted a purposeful and calculated effort by Defendant SCHNERENGER to have Plaintiff

9   prosecuted for violations of driving under the influence ("DUI") in violation of California Vehicle

10  Code § 23152 and resisting arrest.

11  81.        On or about September 8, 2015, a Misdemeanor Complaint was issued by the Los Angeles

12  County District Attorney against Plaintiff, asserting violation of California Penal Code § 69 and

13  California Vehicle Code § 23152(a). Plaintiff thereafter was compelled to hire an attorney and

14  defend himself against the criminal charges that Defendant SCHNERENGER caused to be initiated

15  against Plaintiff based on false and misleading information provided to the district attorney's office.

16

17  82.        During the course of discovery in the criminal case, Plaintiff became aware of numerous

18  complaints of misconduct against Defendant SCHNERENGER, which matched the informal

19  representations of Deputy Gattrell and others when Plaintiff initially lodged a complaint.

20  83.        During the course of discovery in the criminal case, Plaintiff became aware that Defendants

21  SCHNERENGER, BRESCIANI, and others created reports and other documents to falsely assert

22  that Plaintiff performed a breath test for blood-alcohol level at the LASD jail in Palmdale, and not at

23  the scene of the arrest.

24

25

26

27

28

84.     During the course of discovery in the criminal case, representatives of Defendant COUNTY OF LOS ANGELES admitted that there was no video evidence of Plaintiff participating in a breath test for blood-alcohol level at the LASD jail in Palmdale.

85.     During the course of discovery in the criminal case, Defendant SCHNERENGER represented in sworn documents that the "GOPRO" video recording device on his police vehicle did not actually record any video or audio of the investigation, detention, or arrest of Plaintiff, but instead took a limited number of still photographs of portions of the encounter. Defendant SCHNERENGER claimed in said sworn documents that he was aware that the "GOPRO" video recording device would "malfunction" in this manner while on duty.

86.     When Plaintiff, by and through his defense attorney, requested to inspect the "GOPRO" video recording device that Defendant SCHNERENGER claimed was malfunctioning at the time of the incident, Defendant SCHNERENGER claimed in sworn court documents that he made the personal decision to sell the "GOPRO" video recording device on Craig's List and replace it with another video recording device. However, Defendant SCHNERENGER only provided a screen shot of a draft Craig's List posting as proof that he had sold the device, not any sort of receipt or further information showing that Defendant SCHNERENGER had actually posted a Craig's List ad, that another person had responded to it, or that Defendant SCHNERENGER had in fact sold the camera.

87.     According to Defendant SCHNERENGER's sworn representations in writing, Defendant SCHNERENGER decided to sell the "GOPRO" video recording device and any relevant memory cards in or around January of 2016, while Plaintiff's criminal case was ongoing.

88.     Plaintiff's criminal trial began on or about February 3, 2017.

89.     During the prosecution's case-in-chief, Defendant SCHNERENGER was called to the stand and testified regarding the detention and arrest of Plaintiff.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

90.     During Defendant SCHNERENGER's testimony, he repeatedly made false statements regarding his interaction with Plaintiff, Plaintiff's actions during the investigation, and the basis for his arrest. This misrepresentations included, but are not necessarily limited to the following:

(1) That Defendant SCHNERENGER requested Plaintiff exit his vehicle and that Plaintiff did so voluntarily;

(2) That Defendant SCHNERENGER was pulled "off balance" by Plaintiff's unprovoked resistance to a pat-down search;

(3) That Plaintiff attempted to punch Defendant SCHNERENGER; and

(4) That Plaintiff walked quickly towards Defendant SCHNERENGER, causing Defendant SCHNERENGER to fear for his safety.

91.     During the course of his sworn testimony, Defendant SCHNERENGER contradicted himself or his prior written police report, including the following:

(1) Defendant SCHNERENGER initially testified that he asked Plaintiff if Plaintiff had any weapons on his person, and claimed Plaintiff said "I don't know," which Defendant SCHNERENGER testified he relied upon as a suspicious event that caused "the hairs on the back of my neck to stand up." Later in the proceeding, however, Defendant SCHNERENGER testified during cross-examination that Plaintiff responded, "I don't think so." Upon further questioning, Defendant SCHNERENGER admitted he did not actually recall what Plaintiff said.

(2) Defendant SCHNERENGER testified that he continued to search Plaintiff once he held Plaintiff's hands behind his back, but later admitted that his police report did not reflect a continuing search of Plaintiff's person.

(3) Defendant SCHNERENGER testified that he informed Plaintiff that Plaintiff was being detained and was under arrest, but later admitted that he never stated that in his police report.

(4) Defendant SCHNERENGER testified that he handcuffed Plaintiff's right wrist, but documented in his police report that he handcuffed Plaintiff's left wrist.

92.    During the course of Defendant SCHNERENGER's testimony, he admitted that he did not ask Plaintiff any of the standard pre-field sobriety test questions or administer any of the standard field sobriety tests to Plaintiff.

93.    During the course of his sworn testimony, Defendant SCHNERENGER admitted that his decision to search Plaintiff's person and vehicle were not part of any DUI investigation.

94.    During the course of his sworn testimony, Defendant SCHNERENGER testified that the GOPRO camera he personally installed in his police vehicle was malfunctioning and took still photographs without any audio rather than actually recording the video.

95.    Defendant SCHNERENGER admitted that the GOPRO would video record if he manually pressed the recording button, but then claimed that it would still switch to photography mode.

96.    Defendant SCHNERENGER later contradicted himself again, stating that the GOPRO camera was working properly on the date of Plaintiff's arrest, despite not capturing any video.

97.    Defendant SCHNERENGER Further testified that he sold the camera during the course of pre-trial discovery in the criminal case on Craig's List, despite the fact that the camera was evidence in the criminal case.

98.    Defendant SCHNERENGER's false statements in the course of his testimony at the criminal trial were reasonably calculated to support a conviction against Plaintiff, even though Plaintiff had not committed any crime.

99.    During the criminal trial, Defendant BRESCIANI testified for the prosecution.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSMILE (626)446.6454

100.     During his testimony, Defendant BRESCIANI falsely claimed that he administered a blood alcohol test at the police station, rather than at the site of the initial detention and arrest. Defendant BRESCIANI went on to testify falsely that Plaintiff's breath test results showing a blood alcohol level below the legal limit should be considered higher because Plaintiff metabolized any alcohol in his system over the course of an additional 1-2 hours from his arrest to the time that the test was done at the station.

101.     Defendant BRESCIANI's false statements in the course of his testimony at the criminal trial were reasonably calculated to support a conviction against Plaintiff, even though Plaintiff had not committed any crime.

102.     On Friday, February 3, 2017, the jury in the criminal trial returned a verdict of not guilty as to all charges – including in particular the misdemeanor charge of violating California Penal Code § 69, resisting an officer, and misdemeanor charge of violating California Vehicle Code § 23152(a), driving under the influence of alcohol or drugs.

103.     As a result of the actions of Defendants, Plaintiff suffered serious injury, including physical injury at the time of his wrongful arrest by Defendant SCHNERENGER, as well as serious psychological injury as a result of undergoing a lengthy criminal proceeding and risk of incarceration and stigma from prosecution based on false allegations and evidence submitted by Defendants. Accordingly Plaintiff seeks general damages in an amount according to proof.

104.     As a result of the actions of Defendants, Plaintiff incurred costs in the form of medical bills and damage and loss to personal property. Accordingly, Plaintiff seeks special damages in an amount according to proof.

105.     The actions of Defendants, and each of them, were reckless, willful, malicious, and with a conscious disregard for the civil rights of Plaintiff. Such wrongful conduct necessarily entitles

Plaintiff to seek punitive damages from individual Defendants' wrongful acts for the purpose of punishing said Defendants, to make an example out of them, and to discourage such misconduct in the future.

### FIRST CAUSE OF ACTION

42 U.S.C. § 1983 – 1st Amendment – Malicious Prosecution

Against Defendants SCHNERENGER, BRESCIANI, and Doe Defendants 1-100

106.    Plaintiff re-alleges, adopts and incorporates the preceding paragraphs as if fully set forth herein.

107.    At the time of the incidents as set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under both Amendment I and XIV to the United States Constitution to due process of law and the equal protection of the laws as well as the right to be free from retaliation in exercising the right to free speech under the First Amendment were in full force and effect, and the individual defendants who engaged in conduct, as set forth above, deprived Plaintiff of his constitutional rights, which violated those rights, and violated the Fourteenth Amendment to the United States Constitution.

108.    At the time of the initial detention, Defendant SCHNERENGER did not observe any activity that would have caused a reasonably prudent officer to believe that Plaintiff was engaged in any illegal activity sufficient to warrant the questioning, physical search, violent take-down, use of pepper spray, or arrest of Plaintiff.

109.    Rather, Plaintiff was simply confused by Defendant SCHNERENGER's decision to pull him over as Plaintiff had not done anything wrong, and stated reasonably that he believed there was some sort of mistake.

110.    As described in more detail elsewhere in this Complaint, Defendant SCHNERENGER attacked Plaintiff physically, engaged in an arrest that was not supported by probable cause,

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

attempted to plant a joint in Plaintiff's cell after he was arrested, prepared a police report with false information, and gave false testimony in support of the criminal prosecution of Plaintiff.

111.    As described in more detail elsewhere in this Complaint, Defendant BRESCIANI assisted Defendant SCHNERENGER in compelling Plaintiff to take an uncalibrated and unreliable breath test at the scene of the arrest, without his consent and under express threat of losing his driver's license, and assisted in providing false testimony at the criminal trial in support of the criminal prosecution of Plaintiff.

112.    Defendants' actions, as described above, were in retaliation for Plaintiff's exercise of his First Amendment right to free speech, including specifically stating to Defendant SCHNERENGER at the outset of the traffic stop that Defendant SCHNERENGER was mistaken, filing a formal complaint against Defendant SCHNERENGER for misconduct, as well as continuing to protest his innocence and lack of criminal conduct throughout his detention, arrest, incarceration, and criminal prosecution.

113.    Defendants, and each of them, took these actions while acting under color of law without reasonable probable cause and with deliberate indifference to Plaintiff's constitutional rights. Defendants knew or should have known that such conduct violated Plaintiff's constitutional rights, which were established at the time.

114.    By these actions Defendants, and each of them, violated Plaintiff's rights under the First Amendment to be free from unlawful retaliation.

115.    Defendants SCHNERENGER and BRESCIANI wrongfully caused criminal charges to be filed against Plaintiff. The actions of these Defendants,  including preparing false reports, making false statements and representations, and providing false sworn testimony constituted a purposeful

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

1   and malicious effort to cause Plaintiff to be prosecuted without probable cause, for the purpose of

2   denying Plaintiff his constitutional rights as set forth herein.

3   116.    As a direct and proximate result of the actions of the individual Defendants, Plaintiff has

4   suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an

5   amount subject to proof at trial. Plaintiffs have also incurred, and will continue to incur, attorney

6   fees, costs and expenses, including those authorized by 42 U.S.C. § 1988, to an extent and in an

7

8   amount subject to proof at trial.

9   117.    As a direct and proximate result of Defendants' actions as alleged herein, Plaintiffs suffered

10  general and special damages including but not limited to the loss of liberty, as well as physical,

11  mental and emotional pain, shock, and suffering, in an amount according to proof at trial and

12

13  consistent with 42 U.S.C. § 1983.

14  118.    In doing the things alleged herein, Defendants acted willfully and in conscious disregard for

15  Plaintiff's rights, such that their actions shock the conscience of the average person, and constitute an

16  abuse of power that was malicious and purposeful such that punitive damages are allowed under the

17  law.  Punitive damages are therefore sought against the individual defendants according to proof.

18

19                          SECOND CAUSE OF ACTION

20              42 U.S.C. § 1983 – 14th Amendment – Malicious Prosecution

21          Against Defendants SCHNERENGER, BRESCIANI, and Doe Defendants 1-100

22  119.    Plaintiff re-alleges, adopts and incorporates the preceding paragraphs as if fully set forth

23  herein.

24  120.    At the time of the incidents as set forth in the averments above, the rights of persons within

25  the jurisdiction of the United States of America under the Amendment XIV to the United States

26  Constitution to equal protection of the laws was in full force and effect, and the individual

27

28  defendants who engaged in conduct, as set forth above, deprived Plaintiff of his constitutional rights,

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

1   which violated those rights, and violated the Fourteenth Amendment to the United States

2   Constitution.

3   121.    Under the Fourteenth Amendment, law enforcement officers may not engage in

4   discriminatory or improper police investigations, detentions, arrests, or submission of false or

5   misleading reports or testimony based on racial animus.

6

7   122.    Defendants, including Defendants SCHNERENGER and BRESCIANI in particular, were

8   motivated to make false representations at the time of the detention, arrest, booking, incarceration,

9   and subsequent prosecution of Plaintiff for resisting arrest and driving under the influence of alcohol

10   or drugs. Plaintiff alleges herein that Defendants acted against Plaintiff by virtue of the fact that

11   Plaintiff is African-American. Plaintiff alleges that the misconduct was motivated by both a racial

12   animus held by Defendants generally as well as by Defendants' belief that Plaintiff's status as an

13   African-American made him an easier target for such false allegations in support of bringing

14   criminal charges against Plaintiff.

15   123.    Defendants, and each of them, took these actions while acting under color of law without

16

17   reasonable probable cause and with deliberate indifference to Plaintiff's constitutional rights.

18

19   Defendants knew or should have known that such conduct violated Plaintiff's constitutional rights,

20   which were established at the time.

21   124.    By these actions Defendants, and each of them, violated Plaintiff's rights under the

22   Fourteenth Amendment to enjoy equal protection under the law.

23   125.    Defendants SCHNERENGER and BRESCIANI wrongfully caused criminal charges to be

24

25   filed against Plaintiff. The actions of these Defendants, including preparing false reports, making

26   false statements and representations, and providing false sworn testimony constituted a purposeful

27

28

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

1    and malicious effort to cause Plaintiff to be prosecuted without probable cause, for the purpose of

2    denying Plaintiff his constitutional rights as set forth herein.

3    126.    As a direct and proximate result of the actions of the individual Defendants, Plaintiff has

4    suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an

5    amount subject to proof at trial. Plaintiffs have also incurred, and will continue to incur, attorney

6    fees, costs and expenses, including those authorized by 42 U.S.C. § 1988, to an extent and in an

7

8    amount subject to proof at trial.

9    127.    As a direct and proximate result of Defendants' actions as alleged herein, Plaintiffs suffered

10   general and special damages including but not limited to the loss of liberty, as well as physical,

11   mental and emotional pain, shock, and suffering, in an amount according to proof at trial and

12

13   consistent with 42 U.S.C. § 1983.

14   128.    In doing the things alleged herein, Defendants acted willfully and in conscious disregard for

15   Plaintiff's rights, such that their actions shock the conscience of the average person, and constitute an

16   abuse of power that was malicious and purposeful such that punitive damages are allowed under the

17   law. Punitive damages are therefore sought against the individual defendants according to proof.

18

19                          **THIRD CAUSE OF ACTION**

20                     42 U.S.C. § 1983 – Supervisory Liability

21                        Against Defendant DOES 1-3

22   129.    Plaintiff re-alleges, adopts, and incorporates the preceding paragraphs as if fully set forth

23   herein.

24   130.    Defendant DOES 1-3, identified herein as supervisory defendants, were personally involved

25   in the investigation of Plaintiff in their supervisory capacity, including both at the time that Plaintiff

26   was detained and ultimately taken into police custody in the parking lot where he first interacted with

27   Defendant SCHNERENGER as well as while in a holding cell at the police station, where

     Defendants questioned Plaintiff and attempted to plant drugs in his cell. Such supervisory

28

involvement included directly conferring with subordinate officers throughout the investigation, including but not limited to Defendant SCHNERENGER and BRESCIANI themselves. Such Defendants were personally involved in the decision to take Plaintiff into custody, continue the arrest Plaintiff, attempt to plant drugs on Plaintiff after he had been placed in a holding cell, and prepare reports and other documents in furtherance of causing Plaintiff to be prosecuted for crimes in which he did not commit.

131.     On information and belief, Plaintiff asserts and alleges herein that Defendant DOES 1-3 were personally involved in the decision to have Defendant SCHNERENGER draft a false police report to justify the arrest of Plaintiff that would be used as evidence to support criminal charges, as well as give false testimony in support of prosecution at the criminal trial.

132.     On information and belief, Plaintiff asserts and alleges herein that Defendant DOES 1-3 were personally involved in the decision to have Defendant BRESCIANIA give false testimony in support of prosecution at the criminal trial.

133.     The actions of Defendant DOES 1-3, in participating in the investigation and consulting with the other individual defendants prior and concurrent to such unlawful misconduct by Defendants SCHNERENGER and BRESCIANI, set in motion a series of acts which Defendant DOES 1-3 knew or reasonably should have known would cause others to inflict constitutional injury, and therefore incurs supervisory liability. See <u>Graves v. City of Coeur D'Alene</u>, 339 F.3d 828, 848 (9th Cir. 2003).

134.     Because Defendant DOES 1-3 were at the scene of the investigation, conferred with the other defendant officers, and/or otherwise played a direct and causal role in the constitutional violations, Defendant DOES 1-3 are liable for the constitutional deprivations that Plaintiff experienced. See <u>Jeffers v. Gomez</u>, 267 F.3d 895, 915 (9th Cir. 2001).

135.     As a result of the above-described misconduct, Plaintiff suffered severe emotional pain and psychological injury, physical injuries, and economic losses in the form of costs incurred, all of which are subject to proof at trial.

136.     Defendant DOES 1-3, who worked for Defendant COUNTY OF LOS ANGELES in their capacity as a supervisory officers for the LASD, deliberately engaged in corruption, disregard of

established law, and willful violation of Plaintiff's constitutional rights. As such, and by the nature of their conduct, Defendant DOES 1-3 are not entitled to qualified immunity.

137.    Because the actions of Defendant DOES 1-3 shock the conscience of reasonable individuals and constitutes a reckless and willful abuse of power, punitive damages are sought against those Defendants in amounts according to proof.

FOURTH CAUSE OF ACTION

Violation of Civil Rights Under 42 U.S.C. § 1983 – Monell Claim

Against Defendant COUNTY OF LOS ANGELES, by and through the LASD

138.    Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

139.    Defendant COUNTY OF LOS ANGELES, by and through the individual policymakers and/or supervisory officials, improperly, inadequately, or with deliberate indifference to the constitutional rights of persons, grossly negligently, or with reckless disregard for constitutional rights, failed to properly train, supervise, retrain, monitor, or take corrective action with respect to individual employees under their supervision and control, including in particular but not necessarily limited to Defendants SCHNERENGER and DOES 1-3, and others with respect to the types of wrongful conduct alleged in this Complaint, including, but not limited to the failure to enforce the laws of the State of California, the unconstitutional enforcement of local ordinances and statutes, the enforcement of unconstitutional ordinances and statutes, and misuse of actual or perceived authority against individuals such as Plaintiff such that each one of them is liable legally for all injuries and/or damages sustained by Plaintiff pursuant to the legal principles set forth in Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658 (1978), Heller v. Bushey, 759 F.2d 1371 (9th Cir. 1986), cert. granted and reversed on other grounds sub nom. City of Los Angeles v. Heller, 106 S.Ct. 1573 (1986), and Larez v. Gates, 946 F.2d 630 (9th Cir. 1991), the content of all of which is incorporated herein by this reference.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

140.    The following policies, customs, and practices of Defendants were in effect at the time of Plaintiff's arrest, which had the natural and foreseeable result of violating Plaintiff's established constitutional rights:

   a.   Detaining individuals without reasonable suspicion of criminal misconduct, or otherwise refusing to end detention of an individual once it is clear that no such reasonable suspicion exists;

   b.   Using excessive and illegal force on detainees that inquire as to the purpose of their detention and whether such detention comports with the laws of the United States;

   c.   Using false allegations of violations of Cal. Vehicle Code § 23152(a), as well as potentially other criminal statutes, as a cover to justify unlawful arrests, false reports, and false testimony in criminal proceedings, all of which were retaliatory and/or in violation of the Equal Protection Clause of the Fourteenth Amendment; and

   d.   Engaging in acts to cover up such false reports and testimony, including but not limited to destruction of evidence and misuse of in-vehicle cameras in order to cover up improper DUI investigations and abuse of authority as law enforcement officers.

141.    Defendant COUNTY OF LOS ANGELES owed a duty to Plaintiff and others at all times to establish, implement, and follow policies, procedures, customs, and/or practices which confirm and provide for the protections guaranteed them under the United States Constitution, including the 1st, 4th, and 14th Amendments; to use reasonable care to select, supervise, train, control, and review the actions of all of their agents, officers, and employees.

142.    Instead, Defendants engaged in the above-described policies, practices, and customs, all of which is not unique to Plaintiff alone or constitutes an isolated incident, but is in fact a pervasive

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

1   policy, practice, and custom of which Defendant COUNTY OF LOS ANGELES, by and through its

2   various supervisors and policymakers, are aware.

3   143.    The injuries suffered by Plaintiff as described elsewhere herein, were directly, proximately,

4   and foreseeably caused in part by the unconstitutional practices, policies, or customs, both written

5   and unwritten, that at all relevant times were in full force and effect by Defendants and their

6   employees, which were put in place or otherwise allowed to remain in place due to the tacit

7   agreement of Defendants, various supervisors, managers, and policymakers, and was further

8   exacerbated by their refusal to properly investigate such misconduct of other individuals under their

9   supervision and authority, or discipline the same.

10

11  144.    Defendant COUNTY OF LOS ANGELES, by and through its various supervisors and

12  policymakers, knew, or should have known, that by breaching the aforesaid duties and obligations

13  that it was foreseeable that it would cause Plaintiff and others to be injured and damaged by the

14  wrongful acts and omissions as alleged herein, that such breaches occurred in contravention of public

15  policy and as to their respective legal duties and obligations to individuals within their jurisdiction.

16

17  145.    The aforementioned policies, practices, customs, and procedures, as well as the lack of

18  adequate training and discipline as stated and shown above, were the moving force and/or substantial

19  factor in bringing about the constitutional deprivations complained of by Plaintiffs herein.

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

WHEREFORE, PLAINTIFF respectfully prays and seeks the following relief as to the Causes of Action stated above:

1. For general damages according to proof at trial on each cause of action for which such damages are available,

2. For special damages according to proof on each cause of action for which such damages are available;

3. For punitive damages according to proof at trial on each cause of action for which such damages are available;

4. For reasonable attorney fees and costs of suit, as allowed under the law;

5. For such other relief as the Court deems proper and just.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES

Date: November 28, 2018                    BY:

Vincent W. Davis, Esq.
Daniel C. Sharpe, Esq.